NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2021 IL App (4th) 190121-U

NO. 4-19-0121

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
February 24, 2021
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Champaign County |
| ANTHONY S. HARRIS JR., | ) | No. 05CF1433 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Thomas J. Difanis, |
| | ) | Judge Presiding. |

PRESIDING JUSTICE KNECHT delivered the judgment of the court.
Justices Turner and Cavanagh concurred in the judgment.

**ORDER**

¶ 1    *Held*:   The appellate court granted the Office of the State Appellate Defender's motion to withdraw as counsel and affirmed the circuit court's judgment as no issue of arguable merit could be raised on appeal.

¶ 2    Defendant, Anthony S. Harris Jr., appeals from the circuit court's dismissal of his successive postconviction petition. On appeal, the Office of the State Appellate Defender (OSAD) moves to withdraw as counsel on the ground no issue of arguable merit can be raised. Defendant has filed no response to OSAD's motion. We grant OSAD's motion and affirm the circuit court's judgment.

¶ 3                                I. BACKGROUND

¶ 4        In 2007, defendant was convicted of one count of robbery (720 ILCS 5/18-1(a) (West 2004)) and three counts of aggravated criminal sexual assault (720 ILCS 5/12-14(a)(1) (West 2004)) and sentenced, respectively, to one term of 15 years' imprisonment and three terms of 30 years' imprisonment, all to be served consecutively to each other for a total sentence of 105 years in prison. This court affirmed the judgment. *People v. Harris*, No. 4-07-0821 (July 12, 2010) (unpublished order under Illinois Supreme Court Rule 23).

¶ 5        In 2011, defendant filed a postconviction petition contending he was denied the effective assistance of trial and appellate counsel. The circuit court summarily dismissed defendant's petition, and this court affirmed the judgment. *People v. Harris*, 2012 IL App (4th) 111015-U.

¶ 6        In 2013, defendant filed a motion for leave to file a successive postconviction petition, contending he was, again, denied the effective assistance of trial counsel. Defendant's motion addressed the cause and prejudice requirements for obtaining leave to file a successive postconviction petition. The circuit court denied defendant's motion, and this court affirmed the judgment. *People v. Harris*, 2015 IL App (4th) 130369-U.

¶ 7        In 2018, defendant mailed a successive postconviction petition to the circuit court. The petition was not accompanied by a motion seeking leave to file, nor did it address the cause and prejudice requirements for obtaining leave to file a successive postconviction petition. In the petition, defendant alleged claims suggesting (1) he was denied the effective assistance of trial counsel based upon counsel's failure to properly investigate the charges and facts, follow up with witnesses, review physical evidence, and take issue with "multiple charges arising from the same

overt act" and (2) his sentence was excessive because it was a life sentence, violated the eighth amendment, and was imposed in retaliation for his refusal to plead guilty.

¶ 8        In 2019, the circuit court dismissed defendant's successive postconviction petition, finding defendant did not identify an objective factor which impeded his ability to raise his claims in his earlier postconviction proceedings and did not demonstrate the alleged claims so infected his trial that his convictions violated due process.

¶ 9        This appeal followed.

¶ 10                                II. ANALYSIS

¶ 11        On appeal, OSAD asserts no colorable argument can be made suggesting the circuit court's dismissal of defendant's successive postconviction petition was in error. We agree.

¶ 12        The Post-Conviction Hearing Act (Act) "provides a mechanism for criminal defendants to challenge their convictions or sentences based on a substantial violation of their rights under the federal or state constitutions." *People v. Morris*, 236 Ill. 2d 345, 354, 925 N.E.2d 1069, 1075 (2010). The Act contemplates the filing of only a single postconviction petition, and any claim not raised in the original postconviction petition is deemed waived. *People v. Holman*, 2017 IL 120655, ¶ 25, 91 N.E.3d 849 (citing 725 ILCS 5/122-3 (West 2010)).

¶ 13        The statutory bar against a successive postconviction petition will be relaxed only where a defendant sets forth a colorable claim of actual innocence or shows cause and prejudice for the failure to raise an alleged constitutional claim in an earlier petition. *Id.* ¶ 26. Under the cause-and-prejudice test, a defendant demonstrates cause by identifying "an objective factor that impeded his or her ability to raise a specific claim during his or her initial post[ ]conviction proceedings." 725 ILCS 5/122-1(f)(1) (West 2018). A defendant demonstrates prejudice by

showing the "claim not raised during his or her initial post[ ]conviction proceedings so infected the trial that the resulting conviction or sentence violated due process." 725 ILCS 5/122-1(f)(2) (West 2018).

¶ 14        Here, defendant's successive postconviction petition sought to raise alleged constitutional claims. Accordingly, he had to show both cause and prejudice for his failure to raise his claims in his earlier postconviction proceedings. As the circuit court found, defendant failed to identify any objective factor which impeded his ability to raise his claims in his earlier postconviction proceedings. Absent a *prima facie* showing of cause, no colorable argument can be made suggesting the circuit court erred in dismissing defendant's successive postconviction petition.

¶ 15                              III. CONCLUSION

¶ 16        We grant OSAD's motion to withdraw as counsel and affirm the circuit court's judgment.

¶ 17        Affirmed.